[No. 36542.   Department One.   December 26, 1963.]

THE STATE OF WASHINGTON, *Respondent*, v. STEPHEN COURVILLE *et al.*, *Defendants*, ARTHUR ST. PETER, *Appellant*.*

*Bennett Feigenbaum*, for appellant.

*Charles O. Carroll* and *Richard M. Ishikawa*, for respondent.

*Reported in 387 P. (2d) 938.

ROSELLINI, J.—The appellant and Stephen Courville were tried for the crimes of escape, robbery, and taking and riding in a motor vehicle without the permission of the owner. The jury returned a verdict of guilty on all counts.

The testimony produced at the trial tended to establish that the appellant, Courville, Thomas, and six others escaped from the King County jail at approximately 8:30 p.m. on October 22, 1961.

After making their exit from the jail, Courville, Thomas, and the appellant forced the night jail operator into his elevator and descended with him to the third floor of the building. They took the operator's wallet and some change from his pockets.

The three escapees then took the operator down to the second floor and into the men's restroom. After they were inside the restroom a few moments, another night elevator operator and the night watchman appeared; they also were bound, gagged, and placed inside the men's restroom.

Courville took the elevator operator's coat and put it on. The three escapees were seen a few moments later leaving the County-City Building by way of the 4th Avenue entrance.

Some time that night a privately-owned 1957 Chevrolet was taken from a place located eight or nine blocks from the County-City Building.

Early the following morning two King County sheriff's officers on routine patrol observed the 1957 Chevrolet being driven in a manner which aroused their suspicion; and they decided to check it. They observed three men riding in the car. As the officers turned their vehicle around to stop the Chevrolet, the occupants of the Chevrolet apparently observed them and the speed of the car was increased. A short chase ensued. The officers momentarily lost sight of the Chevrolet, but came upon it at an intersection several miles from the County-City Building. The Chevrolet had been wrecked and was partially on its side. Courville and Thomas were apprehended immediately in the vicinity of the Chevrolet.

The appellant was found some 6 days later in the north end of King County.

The appellant assigns error to the overruling of his objections to the joinder of counts. He concedes that crimes involved in the same transaction, or closely connected in time, can, under RCW 10.37.060, properly be joined; but he contends that the court abused its discretion in allowing the count for taking and riding in a vehicle without the permission of the owner to be joined with the other two counts, which he admits were properly joined. His argument is that evidence of the ride in the automobile could not be introduced in a separate trial for the offenses of escape and robbery. However, he cites no authority for this proposition.

RCW 10.37.060 provides:

"When there are several charges against any person, or persons, for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments or informations the whole may be joined in one indictment, or information, in separate counts . . ."

It is the rule in this jurisdiction that different offenses growing out of the same transaction or connected therewith, particularly if capable of proof by the same evidence, can be joined in the same information by separate counts. *State v. McMahon*, 145 Wash. 672, 261 Pac. 639. As we said in *State v. Winter*, 39 Wn. (2d) 545, 236 P. (2d) 1038, the test of the propriety of joining separate offenses in one information because they arise out of the same act or transaction or are connected together, is whether evidence of one offense includes evidence of the other.

Certainly, in this case, the ride in the stolen automobile was a part of the escape, and evidence of it was admissible in proof of that offense.

It is urged that the trial court erred in denying the appellant's motion for a separate trial, which he based upon his contention that he was prejudiced by the fact that evidence of his reputation would be admissible in defense

of Courville, but would be inadmissible against him. The court was of the opinion that any damage to the appellant's cause which might result from such evidence would not be serious enough to warrant the granting of a separate trial.

RCW 10.46.100 provides:

"When two or more defendants are indicted or informed against jointly, any defendant requesting it may, in the discretion of the trial judge be tried separately."

The statute leaves the question of granting separate trials to joint defendants within the sound discretion of the trial court; thus, this court will not set aside a trial court's order unless there has been a manifest abuse of discretion. The mere fact that evidence may be admissible against one defendant and not against another is not in and of itself proof that the two defendants cannot have a fair trial if tried together. *State v. Clark,* 156 Wash. 47, 286 Pac. 69, 85 A.L.R. 502. If the evidence given in behalf of Courville was harmful to the appellant, this harm could be cured by an instruction to the jury not to consider it as evidence of the appellant's guilt; and, the record being silent on this matter, we assume that such an instruction was given.

It is next urged by the appellant that the evidence was insufficient to justify a verdict of guilty of the crime of taking and riding in a motor vehicle without the permission of the owner. It is true that the evidence of the appellant's participation in this crime was circumstantial.

In order to sustain a conviction on circumstantial evidence, the circumstances proved by the state must not only be consistent with each other and consistent with the hypothesis that the accused is guilty, but also must be inconsistent with any hypothesis or theory which would tend to establish his innocence; and the question of whether or not the circumstantial evidence excludes beyond a reasonable doubt every reasonable hypothesis other than the accused's guilt, is a question for the trier of fact. *State v. James,* 58 Wn. (2d) 383, 363 P. (2d) 116.

The appellant was seen leaving the County-City Building in the company of Courville and Thomas, who were found in immediate proximity to the stolen vehicle after it was wrecked. Three men had been observed riding in the Chevrolet a few minutes earlier. When the appellant was apprehended 6 days later, one of the officers who had conducted the search for him after the wrecking of the Chevrolet asked him if the officers had been close to him that night. He answered in the affirmative and said further "I could see you." Upon this evidence, the jury was entitled to find that the only reasonable inference to be drawn was that the appellant had participated in the taking of this car and had been the third man who was seen riding in it.

The final contention of the appellant is that evidence of unrelated criminal acts was introduced, to his prejudice. He refers to testimony of one of the officers who participated in his apprehension. This officer stated that he happened to be in the area of a bank in north Seattle and was called to check the building, there having been a report that water was running from it. There was no suggestion that the appellant had tampered with the building or was responsible for the running water.

This witness also testified that the appellant had fired upon another officer who was attempting to apprehend him. The officer volunteered this information in explaining how his attention was called to the appellant's whereabouts at the scene. The testimony was relevant, although it was not necessary to prove an element of the crime of escape. However, as the appellant concedes in his argument, that crime was clearly established by other competent evidence introduced at the trial. Consequently, the testimony regarding the assault on the officer could not have influenced the verdict, and any error in allowing it was not prejudicial.

The judgment is affirmed.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.