[No. 53287-7.   En Banc.   October 27, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. RICARDO M. IRIZARRY, *Defendant,* MICHAEL ALAN RANSOM, *Appellant.*

*Ladenburg & Haselman,* by *Anthony H. Haselman,* for appellant.

*William H. Griffies, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Senior Appellate Deputy,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

In the course of the planned robbery of a pizza delivery-man in Tacoma, Brander Allan Castle was stabbed to death in the early morning hours of July 8, 1984. In connection therewith, Ricardo M. Irizarry pleaded guilty to felony murder in exchange for his testimony at the trial of the defendant herein, Michael Alan Ransom.

The defendant Ransom was tried before a jury on the charge of aggravated murder in the first degree. At the request of the prosecution, and over defense objections, the jury was not only instructed on the crime of aggravated murder in the first degree but also on the "included offense" of felony murder.

The defendant Ransom was convicted of the "included offense" of felony murder. He appealed to the Court of Appeals which certified his appeal to this court.[1] We accepted review.

One principal issue is presented.

## ISSUE

Is the crime of felony murder a lesser included offense within the crime of aggravated murder in the first degree?

## DECISION

CONCLUSION. Felony murder is not a lesser included offense within the offense of aggravated murder in the first degree, and the trial court erred in instructing the jury that it was. The defendant's conviction of this nonincluded offense constitutes prejudicial error requiring a new trial.

██ It is fundamental that under our state constitution an accused person must be informed of the criminal charge he or she is to meet at trial, and cannot be tried for an offense not charged.[2] This rule is subject to two statutory exceptions: (1) where a defendant is convicted of a lesser included offense of the one charged in the information (RCW 10.61.006); and (2) where a defendant is convicted of an offense which is a crime of an inferior degree to the one charged (RCW 10.61.003).[3]

---

[1] RCW 2.06.030; RAP 4.2.

[2] Const. art. 1, § 22 (amend. 10); *State v. Carr,* 97 Wn.2d 436, 439, 645 P.2d 1098 (1982); *State v. Pelkey,* 109 Wn.2d 484, 487, 745 P.2d 854 (1987).

[3] *State v. Foster,* 91 Wn.2d 466, 471, 589 P.2d 789 (1979); *Pelkey,* at 487–88.

The first degree murder statute (RCW 9A.32.030) defines the three different ways in which the crime of murder in the first degree can be committed:

1. Premeditated murder (RCW 9A.32.030(1)(a));

2. Murder by extreme indifference to human life (RCW 9A.32.030(1)(b)); and

3. Felony murder (RCW 9A.32.030(1)(c)).[4]

The statute defining *aggravated* first degree murder is equally clear;[5] that crime is *premeditated* murder in the first degree (*not* murder by extreme indifference or felony

---

[4] "Murder in the first degree. (1) A person is guilty of murder in the first degree when:

"(a) With a premeditated intent to cause the death of another person, he causes the death of such person or of a third person; or

"(b) Under circumstances manifesting an extreme indifference to human life, he engages in conduct which creates a grave risk of death to any person, and thereby causes the death of a person; or

"(c) He commits or attempts to commit the crime of either (1) robbery, in the first or second degree, (2) rape in the first or second degree, (3) burglary in the first degree, (4) arson in the first degree, or (5) kidnapping, in the first or second degree, and; in the course of and in furtherance of such crime or in immediate flight therefrom, he, or another participant, causes the death of a person other than one of the participants; . . ." RCW 9A.32.030(1) (part). *See generally* WPIC 26.

[5] "Aggravated first degree murder defined. A person is guilty of aggravated first degree murder if he or she commits *first degree murder as defined by RCW 9A.32.030(1)(a)*, as now or hereafter amended, and one or more of the following aggravating circumstances exist:

"(1) The victim was a law enforcement officer, corrections officer, or fire fighter who was performing his or her official duties at the time of the act resulting in death and the victim was known or reasonably should have been known by the person to be such at the time of the killing;

"(2) At the time of the act resulting in the death, the person was serving a term of imprisonment, had escaped, or was on authorized or unauthorized leave in or from a state facility or program for the incarceration or treatment of persons adjudicated guilty of crimes;

"(3) At the time of the act resulting in death, the person was in custody in a county or county–city jail as a consequence of having been adjudicated guilty of a felony;

"(4) The person committed the murder pursuant to an agreement that he or she would receive money or any other thing of value for committing the murder;

"(5) The person solicited another person to commit the murder and had paid or had agreed to pay money or any other thing of value for committing the murder;

murder) accompanied by the presence of one or more of the statutory aggravating circumstances listed in the criminal procedure title of the code (RCW 10.95.020).[6] These statutory aggravating circumstances are "aggravation of penalty" factors and are *not* "elements" of the crime as such.[7] A lesser included offense exists only "when all of the *elements* of the lesser offense are necessary *elements* of the greater offense." (Italics ours.)[8] Because commission of a felony is not a necessary element of aggravated murder in the first degree, it follows that the offense of felony murder cannot

---

"(6) The victim was:

"(a) A judge; juror or former juror; prospective, current, or former witness in an adjudicative proceeding; prosecuting attorney; deputy prosecuting attorney; defense attorney; a member of the board of prison terms and paroles; or a probation or parole officer; and

"(b) The murder was related to the exercise of official duties performed or to be performed by the victim;

"(7) The person committed the murder to conceal the commission of a crime or to protect or conceal the identity of any person committing a crime;

"(8) There was more than one victim and the murders were part of a common scheme or plan or the result of a single act of the person;

"(9) The murder was committed in the course of, in furtherance of, or in immediate flight from one of the following crimes:

"(a) Robbery in the first or second degree;

"(b) Rape in the first or second degree;

"(c) Burglary in the first or second degree;

"(d) Kidnapping in the first degree; or

"(e) Arson in the first degree;

"(10) The victim was regularly employed or self–employed as a newsreporter and the murder was committed to obstruct or hinder the investigative, research, or reporting activities of the victim." (Italics ours.) RCW 10.95.020.

[6]*State v. Kincaid,* 103 Wn.2d 304, 312, 692 P.2d 823 (1985); *State v. Mak,* 105 Wn.2d 692, 745, 718 P.2d 407, *cert. denied,* 479 U.S. 995, 93 L. Ed. 2d 599, 107 S. Ct. 599 (1986). See footnote 5.

[7]*Kincaid,* at 307, 312.

[8]*State v. Roybal,* 82 Wn.2d 577, 583, 512 P.2d 718 (1973); *State v. Bishop,* 90 Wn.2d 185, 191, 580 P.2d 259 (1978); *Pelkey,* at 488; *State v. Miller,* 30 Wn. App. 443, 445, 635 P.2d 160 (1981), *review denied,* 96 Wn.2d 1026 (1982).

be an included offense within the charge of aggravated murder in the first degree. Similarly, felony murder is not a lesser degree of aggravated murder in the first degree.[9]

In *State v. Mak,* 105 Wn.2d 692, 718 P.2d 407, *cert. denied,* 479 U.S. 995, 93 L. Ed. 2d 599, 107 S. Ct. 599 (1986), instructions on felony murder as a lesser included offense were given to the jury by the trial court in a case involving aggravated murder in the first degree.[10] As we there held, this did not constitute reversible error because it was *the defendant* who requested those instructions. As we pointed out in that connection, the lesser included offense instruction, not having been excepted to at trial by the defendant, became the law of the case; further, any error in connection therewith was error invited by the defendant which could not be complained of on appeal.[11] In the case before us, however, the defendant duly excepted to the giving of the felony murder included offense instructions, thus preserving his claim of error for appeal.

Since the defendant in this case was charged with aggravated murder in the first degree (*i.e.,* the crime of premeditated murder in the first degree *plus* a statutory aggravating circumstance), an instruction on the lesser included offense of premeditated murder in the first degree (*i.e.,* the crime of premeditated murder in the first degree *without* statutory aggravating circumstances) could have been given.[12]

Since the defendant was not convicted of premeditated murder in the first degree (nor of any lesser included

---

[9]*See* RCW 10.61.003; *Mak,* at 745.

[10]*Mak,* at 746–47.

[11]*Mak,* at 747–49.

[12]*See Roybal,* at 583; *Miller,* at 445.

offense or lesser degree of that crime), reversal is mandated.[13]

Dismissal of all charges against the defendant is not, however, mandated. The jury having convicted the defendant of felony murder, albeit improperly, the defendant may still be charged with that offense without violating constitutional double jeopardy prohibitions.[14]

The remaining contention of the defendant's appeal is not well taken. Excusing prospective jurors for cause, where they were opposed to the death penalty, was not error as he now contends. The law of this state is well settled in that regard.[15]

Reversed and remanded.

BRACHTENBACH, J., and HAMILTON, J. Pro Tem., concur.

UTTER, J. (concurring)—▪ I agree with the majority's analysis that felony murder is not a lesser included offense of aggravated murder. However, I must point out that this court has never heard argument on or decided the issue of whether excusing scrupled jurors subjects a defendant to a conviction–prone jury and is thus unconstitutional under the Washington Constitution. The cases to which the majority refers were briefed and decided with reference to the federal constitution. Because this court has not yet interpreted the Washington Constitution's restrictions on this issue, until this court has the benefit of briefing that considers at least the nonexclusive factors of *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808 (1986), this is still an

---

[13]*See* U.S. Const. amend. 6; Const. art. 1, § 22 (amend. 10); *State v. Bingham*, 40 Wn. App. 553, 559–60, 699 P.2d 262 (1985), *aff'd*, 105 Wn.2d 820, 719 P.2d 109 (1986).

[14]*See State v. Dowling*, 98 Wn.2d 542, 543–44, 656 P.2d 497 (1983); *State v. Anderson*, 96 Wn.2d 739, 742, 638 P.2d 1205, *cert. denied*, 459 U.S. 842 (1982).

[15]*State v. Hughes*, 106 Wn.2d 176, 180–88, 721 P.2d 902 (1986); *Mak*, at 707–08.

open question. *State v. Wethered,* 110 Wn.2d 466, 755 P.2d 797 (1988).

Despite the similar language of the sixth amendment to the United States Constitution and article 1, section 22 of the Washington Constitution, both entitling defendants to trial "by an impartial jury", this court does not presumptively apply the federal analysis if that analysis is not supported by the language, history and context of our constitution. *State v. Reece,* 110 Wn.2d 766, 757 P.2d 947 (1988); *State v. Gunwall, supra; State v. Coe,* 101 Wn.2d 364, 679 P.2d 353 (1984). I note that studies are establishing through more and more accurate methodologies the correlation between the exclusion of scrupled jurors and conviction. *See* Fitzgerald & Ellsworth, *Due Process vs. Crime Control: Death Qualification and Jury Attitudes,* 8 Law & Hum. Behav. 31, 74 (1984) ("As the controlled simulations become more realistic, the differences between death–qualified and excludable jurors becomes more pronounced."). Further, I find compelling Justice Marshall's dissent to *Lockhart v. McCree,* 476 U.S. 162, 90 L. Ed. 2d 137, 106 S. Ct. 1758 (1986) noting, among other concerns, the great difference between a jury happening to be stacked against the defendant, and it being stacked against the defendant through a scheme of excuses for cause by the prosecution. *Lockhart,* 90 L. Ed. 2d at 161 (Marshall, J., dissenting).

This court may well reject the federal analysis on this issue if we are presented with adequate briefing on the Washington Constitution. Nothing in the majority should be read to discourage Ransom in his new trial or future defendants from fully asserting their rights protected by the Washington Constitution.

PEARSON, C.J., concurs with UTTER, J.

CALLOW, J. (concurring in part, dissenting in part)—I concur with the majority that *technically,* felony murder, as it was charged in this case, is not a lesser included

offense of aggravated first degree murder. However, I believe the rationale of the lesser included offense doctrine was not violated and I cannot agree with the result that follows from the opinion of the majority. I submit that we should go a step further.

## FACTS

Things cannot be put in perspective unless there is some recitation of the factual situation involved. Here a Domino's Pizza Store received an order for pizzas to be delivered to an apartment in South Tacoma. The pizzas were given to a 22–year–old deliveryman for delivery. Soon thereafter, the police received a call indicating that a body had been found in the apartment complex. When the police arrived, the deliveryman was still breathing, but died shortly. The medical examiner determined that the cause of death was three stab wounds to the chest and side area. One of these wounds was 5½ inches deep and perforated the heart and liver while another, 4½ inches deep, also penetrated the heart. There was also evidence of wounds to the eye area and broken cartilage in the nose. Investigation revealed that the victim had been waylaid in an empty apartment and stabbed while attempting to deliver the ordered pizzas. The two pizzas were found in the apartment, and money was strewn about the floor. Blood bespattered the empty apartment. The fingerprints of both defendants were found on the frame of a broken window.

## LESSER INCLUDED OFFENSE

RCW 10.95.020 states:

> A person is guilty of aggravated first degree murder if he or she commits first degree murder as defined by RCW 9A.32.030(1)(a) . . . and one or more of the following aggravating circumstances exists:

In order to be convicted of aggravated first degree murder, a person must have committed murder in the first degree under RCW 9A.32.030(1)(a) which reads:

> (1) A person is guilty of murder in the first degree when:

(a) With a premeditated intent to cause the death of another person, he causes the death of such person or of a third person; . . .

Thus, unless there is a premeditated intent to cause the death of a person coupled with one of the aggravating circumstances listed under RCW 10.95.020, the commission of aggravated first degree murder has not occurred. In other words, aggravated first degree murder cannot occur upon proof of the commission of RCW 9A.32.030(1)(b) (extreme indifference to human life) or under RCW 9A.32.030(1)(c) (felony murder). Premeditated intent must be present in order to fulfill the requisites of aggravated first degree murder.

In *State v. Austin,* 105 Wn.2d 511, 517, 716 P.2d 875 (1986) the general rule was announced as follows:

> [T]he crimes for which a person may be convicted are limited to those charged in the information. *State v. Foster,* 91 Wn.2d 466, 589 P.2d 789 (1979). *Accord, State v. Martin,* 94 Wn.2d 1, 614 P.2d 164 (1980). There are two recognized exceptions to this latter rule: (1) where a defendant is convicted of a lesser included offense, RCW 10.61.006; and (2) where a defendant is convicted of a crime of an inferior degree to the one charged, RCW 10.61.003. *State v. Foster,* at 471.

However, Washington courts have in a number of cases involving aggravated first degree murder routinely instructed juries that the crime of aggravated first degree murder necessarily includes the lesser crime of first degree murder. See Clerk's Papers in *State v. Ng,* 104 Wn.2d 763, 713 P.2d 63 (1985); *State v. Rupe,* 108 Wn.2d 734, 743 P.2d 210 (1987); *State v. Mak,* 105 Wn.2d 692, 718 P.2d 407, *cert. denied,* 479 U.S. 995 (1986); *State v. Campbell,* 103 Wn.2d 1, 691 P.2d 929 (1984), *cert. denied,* 471 U.S. 1094 (1985).[16]

---

[16]Here the jury was instructed in almost exactly the same language as in *Ng, Rupe, Mak,* and *Campbell,* as follows:

**In this case the amended information charged Ransom with "the crime of Aggravated Murder in the First Degree"**

Instruction 11

"To convict the defendant, Michael Alan Ransom, of the crime of aggravated murder in the first degree, each of the following elements of the crime must be proved beyond a reasonable doubt:

"1) That . . . the defendant . . . caused the death . . .

"2) That the defendant . . . acted with intent to cause the death . . .

"3) That the defendant or an accomplice acted with premeditated intent to cause the death . . .

"4) That Brander Allan Castle died as a result of the acts of the defendant . . .

"5) That the acts occurred in Pierce County, Washington;

"6) That the following aggravating factor was present:

"(a) the defendant committed the murder to conceal the commission of the crime and to protect and conceal the identity of any person committing a crime; or

"(b) the murder was committed in the course of, in furtherance of, or in immediate flight from the crime of Robbery in the First Degree."

Instruction 12

"If you are not satisfied beyond a reasonable doubt that the defendant is guilty of the crime charged, the defendant may be found guilty of any lesser crime, the commission of which is necessarily included in the crime charged, if the evidence is sufficient to establish the defendant's guilt of such lesser crime beyond a reasonable doubt.

"The crime of Aggravated Murder in the First Degree necessarily includes the lesser crime of Murder in the First Degree.

"When a crime has been proven against a person and there exists a reasonable doubt as to which of the two or more crimes that person is guilty, he or she shall be convicted only of the lowest crime."

Instruction 13

"A person commits the crime of murder in the first degree when he or she commits or attempts to commit robbery in the first or second degree and in the course of and in furtherance of such crime or in immediate flight from such crime he or she or another participant causes the death of a person other than one of the participants."

Instruction 14

"To convict the defendant of the crime of murder in the first degree, each of the following elements of the crime must be proved beyond a reasonable doubt:

"(1) That on or about the 8th day of July, 1984, Brander Allan Castle was killed:

"(2) That the defendant was committing or attempting to commit robbery in the first or second degree;

"(3) That the defendant or another participant caused the death of Brander Allan Castle in the course of and in furtherance of or in immediate flight from such crimes:

in that he did "feloniously with premeditated intent" cause the death of the victim and that he did so to "conceal the identity of any person committing a crime"—"or in the course of, in furtherance of, or in immediate flight from the crime of Robbery in the First Degree, contrary to *RCW 9A.32.030(1)(a), RCW 10.95.020(7), (9) and RCW 9A.56-.200(1)(a)(c)*". (Italics mine.) Thus, Ransom was put on notice that he was charged with violations of the three identified statutes and the elements of each. He cannot say that the State did not inform him that it would attempt to prove beyond a reasonable doubt that he had caused the death of another with a premeditated intent to cause death *and that he did so to facilitate the commission of a robbery.*

However, if we look at technicalities and not the sense of a rule, since premeditated intent is an essential to aggravated murder in the first degree, it cannot be said that if premeditated intent is not proven the prosecution could prove murder in the first degree under RCW 9A.32-.030(1)(c) (felony murder).

The defendant primarily asserted the murder in the first degree (under RCW 9A.32.030(1)(c)) was not a lesser included offense within the crime of aggravated first degree murder claiming that felony murder in the first degree is not a lesser included offense within the crime of aggravated first degree murder *because* murder in the first degree requires that the murder be committed "in the course of *and* in furtherance of such crime or in immediate flight therefrom" whereas the aggravated first degree murder statute requires that the murder be committed "in the course of, in furtherance of, *or* in immediate flight from" one of the enumerated crimes.

Thus, the defendant did not directly raise the rationale set forth by the majority, but asserted that felony first

"(4) That Brander Allan Castle was not a participant in the crimes; and

"(5) That the acts which caused the death of the decedent occurred in Pierce County, Washington."

degree murder under RCW 9A.32.030(1)(c) was not a lesser included offense of aggravated first degree murder under RCW 10.95.020(9)(a) because of the difference in the wording of the statutes when describing the manner of participation in the crime.

The majority ignores the defendant's argument. I would answer it.

When interpreting a statute, the primary objective is to ascertain and give effect to the Legislature's intent. *State v. Keller,* 98 Wn.2d 725, 728, 657 P.2d 1384 (1983); *Janovich v. Herron,* 91 Wn.2d 767, 771, 592 P.2d 1096 (1979). It is improper for this court to read into a statute provisions which the Legislature omitted, yet we may construe statutes so as to avoid absurd or strained consequences which would result from a literal interpretation. *Keller,* at 728.

Although the use of "or" in a statute commonly indicates an intent that two provisions be applied alternatively and the use of "and" generally indicates an intent that the provisions be applied conjunctively, the two words may be interpreted otherwise if such interpretation comports with the probable intent of the Legislature. Citing 1A C. Sands, *Statutory Construction* § 21.14, at 91 (4th ed. 1972) it was noted in *State v. Keller, supra* at 729:

> [t]here has been, however, so great laxity in the use of the ["and" and "or"] terms that courts have generally said that the words are interchangeable and that one may be substituted for the other, if to do so is consistent with the legislative intent.

(Footnote omitted.)

*State v. Tiffany,* 44 Wash. 602, 604, 87 P. 932 (1906) stated that "No doubt *or* is sometimes construed to mean *and,* and *vice versa,* in statutes, wills, and contracts." More recently, "and" was interpreted to mean "or" in a statute setting forth the conditions under which a person could obtain a conditional release from a state mental institution. *Keller,* at 728–30. In a similar case "or" was interpreted to mean "and," again to effectuate the likely intent of the Legislature. *State v. Jones,* 32 Wn. App. 359, 647 P.2d 1039

(1982), *rev'd on other grounds,* 99 Wn.2d 735, 664 P.2d 1216 (1983).

Here the controversy as the defendant, not the majority, saw it, arises over whether a requirement that the death occur "in the course of and in furtherance of such crime or in immediate flight therefrom" sets forth two separate elements—(1) in the course of the crime, and (2) in furtherance of the crime. If this were so, the elements of first degree felony murder would not fit within the elements of aggravated first degree murder, which requires that the death occur "in the course of, in furtherance of, or in immediate flight" from the crime.

RCW 9A.56.200 defining robbery in the first degree notes that guilt follows if the act is in "the commission of a robbery or of immediate flight therefrom". In each of the statutes the various acts (in the course of, in furtherance of, in flight from) are alternative aspects of an element and the proof of any one of these individual, isolated, descriptive phrases of the statute is sufficient to prove the occurrence of an element of the crime. Neither statute when given its plain meaning creates an enlarged, or magnified, or super element of the crime. There remains but the description requiring proximity, involvement with or connection between the death and the criminal activity, and that death occurred because the defendant committed the crime.

I submit that these descriptive phrases defining the elements of the two offenses are equivalent and alternative. A murder committed to effectuate a felony reasonably fits within either the requirement that it be committed "in the course of" the crime or that it be committed "in furtherance of" the crime thereby fulfilling both of these requirements. In the case at bar, the murder of the pizza deliveryman was committed both in the course of and in furtherance of the crime. It was clear that the State intended to prove that the murder was committed both in the course of and in the furtherance of a robbery or attempted robbery.

I disagree with the majority's conclusion that those circumstances described in RCW 10.95.020 are somehow transformed into a special category and that the same words describing the same acts could not be an aggravating factor under RCW 10.95.020 while at the same time an element of a crime under RCW 9A.32.030(1)(c). This is a technical approach which mechanistically imposes form over substance.

The problem that arises and that prompts me to write separately is that I submit that prosecutors must be instructed as to how to frame an information when aggravated first degree murder is to be charged but, at trial, there may occur a failure of proof on premeditation and intent. Courts should also be informed as to how to instruct the jury in such a situation with appropriate verdict forms. It cannot be that if aggravated first degree murder is charged but felony first degree murder is proven, that a retrial must take place every time. In circumstances where a killing takes place in the commission of a felony murder and a prosecutor deems it appropriate to charge aggravated first degree murder, but the evidence might support a conviction for felony first degree murder but not for aggravated first degree murder: (1) the defendant should be properly notified of the charge against him, and (2) a jury, with proper instructions and consistent verdict forms, should be able to find the defendant guilty of the alternative thereby avoiding the cost and delay of a second trial.[17, 18]

---

[17]I would instruct the jury somewhat along the following lines:

"The defendant is charged in count 1 with the crime of aggravated first degree murder and in count 2 with the crime of felony first degree murder. These charges are made in the alternative and in effect allege that the defendant committed an unlawful act which constitutes either the crime of aggravated first degree murder or the crime of felony first degree murder. If you find that the defendant committed an act or acts constituting one of the crimes so charged, you then must determine which of the offenses so charged was committed.

"In order to find the defendant guilty you must all agree as to the particular offense committed and, if you find the defendant guilty of one of such offenses, you must find him not guilty of the other."

CHARGING IN THE ALTERNATIVE

The mechanism exists. RCW 10.37.060 reads in part:

When there are several charges against any person, or persons, for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments or informations the whole may be joined in one indictment, or information, in separate counts; . . .

CrR 4.3(a) states

**Joinder of Offenses.** Two or more offenses may be joined in one charge, with each offense stated in a separate count, when the offenses, whether felonies or misdemeanors or both:

(1) Are of the same or similar character, even if not part of a single scheme or plan; or

(2) Are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

I submit that under circumstances such as this, it would have been proper to have charged a defendant with two counts, one for aggravated first degree murder and the other for felony first degree murder under RCW 9A.32-.030(1)(c), and I submit that it is appropriate to charge in such manner when offenses arise out of the same transaction but which do not fit the framework of RCW 9A.32-.030(1)(a) and RCW 10.95.020. L. Orland, in 4A Wash. Prac. § 6262 (3d ed. 1983) regarding joinder of offenses, states:

---

[18]I would also instruct the jury regarding the use of multiple verdict forms as follows:

"In this case there are two possible verdicts as to each count, guilty or not guilty. These various possible verdicts are set forth in the forms of verdict which you will receive. Only one of the possible verdicts may be returned by you as to each count.

"You may find the defendant guilty or not guilty of aggravated first degree murder under count 2 or you may find the defendant guilty or not guilty of felony first degree murder under count 2.

"You may find the defendant not guilty under both counts, but you may not find the defendant guilty under both counts."

The test of the propriety of joining separate offenses in one information because they arise out of the same act or transaction or are connected together is whether evidence of one offense includes evidence of the other. State v. Courville (1963) 63 Wash.2d 498, 387 P.2d 938; CrR 4.3(a)(2).

In such a situation the guidelines are set forth in *State v. Russell*, 101 Wn.2d 349, 352–54, 678 P.2d 332 (1984), wherein it was said:

As related above, the prosecuting attorney ultimately amended the information on retrial to do more than charge intentional second degree murder under RCW 9A.32.050(1)(a). The information was amended to add felony murder as an "alternative" means of committing second degree murder.

. . .

CrR 4.3(c)(1) defines "related offenses" as follows.

Two or more offenses are related offenses, for purposes of this rule, if they are within the jurisdiction and venue of the same court and are based on the same conduct.

Clearly, intentional second degree murder and second degree felony murder are intimately connected and thus are related offenses within the above definition. . . .

. . .

As indicated above, petitioner was charged with intentional second degree murder and with second degree felony murder as an alternative means of committing second degree murder. The jury was instructed that to convict petitioner of intentional second degree murder or the "alternative" second degree felony murder, the jury must be unanimous as to the particular alternative chosen. Unfortunately, the verdict form supplied to the jurors did not distinguish between second degree felony murder and intentional second degree murder. The jurors were authorized to vote guilty or not guilty on the ultimate charge of second degree murder. No provision was made for considering each of the alternatives that composed the charge.

*State v. Smith*, 74 Wn.2d 744, 754–55, 446 P.2d 571 (1968).

As we said in *State v. Long*, 65 Wn.2d 303, 396 P.2d 990 (1964), quoting from *State v. Brunn*, 145 Wash. 435, 260 Pac. 990 (1927), the joinder of counts should never be

utilized in such a way as to unduly embarrass or prejudice one charged with a crime, or deny him a substantial right.

The defendants quote the following from *Drew v. United States,* 331 F.2d 85, 88 (D.C. Cir. 1964):

The justification for a liberal rule on joinder of offenses appears to be the economy of a single trial. The argument against joinder is that the defendant may be prejudiced for one or more of the following reasons: (1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find. A less tangible, but perhaps equally persuasive, element of prejudice may reside in a latent feeling of hostility engendered by the charging of several crimes as distinct from only one. Thus, in any given case the court must weigh prejudice to the defendant caused by the joinder against the obviously important considerations of economy and expedition in judicial administration.

*See also State v. Winters,* 39 Wn.2d 545, 550, 236 P.2d 1038 (1951); *State v. Kinsey,* 7 Wn. App. 773, 775–76, 502 P.2d 470 (1972), *review denied,* 82 Wn.2d 1002 (1973).

In *State v. Anderson,* 96 Wn.2d 739, 740–41, 638 P.2d 1205, *cert. denied,* 459 U.S. 842 (1982), the setting forth of two offenses in two counts in one information was approved if the offenses were related, the court stating:

CrR 4.3(c)(1) provides that offenses are related if based upon the same conduct and are within the jurisdiction and venue of the same court. The bathtub scalding death described in *Anderson* I [*State v. Anderson,* 94 Wn.2d 176, 616 P.2d 612 (1980)] was the basis for both charges of first degree murder. The two charges brought against petitioner, one based upon RCW 9A.32.030(1)(b) and the other based upon RCW 9A.32.030(1)(a), are related and could have been joined in the same information.

*See also State v. Courville,* 63 Wn.2d 498, 500, 387 P.2d 938 (1963).

## DEATH PENALTY JURORS

Finally, I concur that excusing prospective jurors for cause where they are opposed to the death penalty to the extent that their views "would prevent or substantially impair the performance" of their duties as jurors in accordance with the court's instructions and their oath is proper. *Adams v. Texas,* 448 U.S. 38, 45, 65 L. Ed. 2d 581, 100 S. Ct. 2521 (1980); *State v. Hughes,* 106 Wn.2d 176, 721 P.2d 902 (1986); *State v. Mak,* 105 Wn.2d 692, 718 P.2d 407, *cert. denied,* 479 U.S. 995 (1986); *see also Lockhart v. McCree,* 476 U.S. 162, 90 L. Ed. 2d 137, 106 S. Ct. 1758 (1986); *Wainwright v. Witt,* 469 U.S. 412, 83 L. Ed. 2d 841, 105 S. Ct. 844 (1985); *Witherspoon v. Illinois,* 391 U.S. 510, 20 L. Ed. 2d 776, 88 S. Ct. 1770 (1968).

## CONCLUSION

Aggravated first degree murder cases are long in duration, often complicated and always expensive. We owe the State, the defendant, the public and all those involved direction as to how to avoid duplication of effort and unnecessary retrials. I believe this a responsible approach even though the pronouncements be dicta.

When the evidence, as here, might support conviction of one or the other of two separate offenses arising out of one transaction and evidence of one offense includes evidence of another the defendant should be charged in the alternative. It should be made clear to the jury by instruction and by verdict form that the defendant may be found not guilty under both counts, and may be convicted under either one count or the other but not both.

I believe the defendant had full notice of the accusations against him, was not surprised, and that the rationale and common sense of the "lesser included offense" doctrine was satisfied. While I would uphold the conviction, I submit that if retrial is mandated technically in such situations, we

owe it to prosecutors and defendants to assist in avoiding such retrials if possible.

DOLLIVER and DURHAM, JJ., concur with CALLOW, J.

Reconsideration denied January 25, 1989.