67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elmer E. McGINNIS; Patrick Gene Hoffman, Petitioners-Appellants,
v.
James BLODGETT, Deputy Director, Division of Prisons,
Department of Corrections; Tana Wood, Superintendent of
Washington State Penitentiary; and Attorney General, State
of Washington, Respondents-Appellees.
 No. 94-36152.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 11, 1995.
Decided Sept. 28, 1995.
 
 Before: WRIGHT, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Convicted of first degree assault and aggravated first degree murder in state trial court, McGinnis and Hoffman were sentenced to life imprisonment without possibility of parole. The Washington Supreme Court affirmed their convictions and sentences. The federal district court dismissed their petitions for a writ of habeas corpus. They appeal. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253 and affirm.
 
 
 3
 We review de novo the court's denial of a petition for a writ of habeas corpus. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994).
 
 
 4
 On this appeal, petitioners raise issues involving these jury instructions:
 
 
 5
 Instruction 26: The arrest of Elmer McGinnis on August 25, 1986, was a lawful arrest.
 
 
 6
 Instruction 27: Louis A. Millard and John Dick were law enforcement officers on August 27, 1986.
 
 
 7
 Instruction 28: The entry by police officers onto the McGinnis property at about 2:15 a.m. on August 27, 1986 was lawful.
 
 A. AGGRAVATION
 
 8
 Petitioners argue that Instructions 27 and 28 together removed the aggravation issue from the jury. The aggravating circumstance at issue comprises three elements: (1) that the victim was a law enforcement officer; (2) who was performing his or her official duties at the time of the injury resulting in death; and (3) the victim was known or reasonably should have been known by the petitioners to be such at the time of the killing. RCW 10.95.020(1).
 
 
 9
 Instruction 28, stating that the officers lawfully entered McGinnis's property, was proper and did not direct the jury to find that the victim was performing official duties at the time of his death. First, the instruction was a legal conclusion properly determined by the trial judge. State v. Hoffman, 804 P.2d 577, 601 (Wash.1991). Moreover, the jury was not precluded from finding that, after entering the property, Millard was no longer performing official duties. Finally, the instruction does not pertain to the other two elements of aggravation.
 
 
 10
 Instruction 27 presents a more difficult question. It directed the jury to find that the victim was a law enforcement officer, thereby directing a finding as to the first element of aggravation. The state concedes that it was erroneous. Petitioners insist that the instruction amounted to a structural defect that defies harmless error analysis.
 
 
 11
 We deal here with an instruction concerning sentencing factors, not elements of the crime. State v. Irizzary, 111 Wash.2d 591, 594, 763 P.2d 432, 434-35 (1991). "An erroneous jury instruction does not merit habeas relief if the deficiencies pertain to matters that are not in dispute and the error" was harmless. Prantil v. California, 843 F.2d 314, 318 (9th Cir.1988) (emphasis added).[1] Here, the fact that Millard was a police officer was undisputed and we apply harmless error analysis.
 
 
 12
 Notwithstanding Instruction 27, the state still had the burden of proving the remaining two elements of aggravation and petitioners were not precluded from arguing against aggravation. Petitioners argued that they did not know that Millard was a police officer acting in an official capacity. They pointed to his failure to announce himself as a police officer, the darkness and McGinnis's paranoia. We conclude that Instruction 27 was harmless because it could not have had substantial and prejudicial effect or influence in determining the jury's verdict. See O'Neal v. McAninch, 115 S.Ct. 992, 994 (1995).
 
 B. JUSTIFIABLE HOMICIDE DEFENSE
 
 13
 Petitioners argue that Instructions 26, 27 and 28 removed from the jury the question whether petitioners knew or reasonably should have known that they were shooting police officers. Consequently, they contend, the instructions undermined their defense of justifiable homicide. We reject petitioners' argument because none of the instructions pertained to whether petitioners knew or should have known whom they were shooting. The erroneous Instruction 27 is harmless. See O'Neal, 115 S.Ct. at 994. Moreover, Instructions 26 and 28 were conclusions of law properly determined by the state trial judge. Hoffman, 804 P.2d at 601.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Cf. Connecticut v. Johnson, 460 U.S. 73, 85 (1983) ("An erroneous presumption on a disputed element of the crime renders irrelevant the evidence on the issue...." (emphasis added))