James S. GARNETT, Petitioner—
Appellee,

v.

Richard MORGAN, Respondent—
Appellant.

James S. Garnett, Petitioner—
Appellant,

v.

Richard Morgan, Respondent—
Appellee.

Nos. 08–35114, 08–35199.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 2009.

Filed May 22, 2009.

Corey Endo, Jennifer Elizabeth Well-
man, Assistant Federal Public Defender,
FPDWA–Federal Public Defender's Office,

Seattle, WA, for Petitioner–Appellee/Petitioner–Appellant.

Paul D. Weisser, Senior Counsel, AGWA–Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellant/Respondent–Appellee.

Before: WARDLAW, PAEZ, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

James S. Garnett was convicted of first degree murder and sentenced to life in prison without the possibility of parole. On collateral review, the district court granted Garnett's petition for habeas corpus for violations of due process based on claims of (1) prosecutorial misconduct and (2) insufficient jury instructions. The Attorney General of Washington (the "State") appeals the district court's grant of relief. Garnett cross-appeals, arguing that the district court erred in denying relief on Garnett's claim of a Sixth Amendment Confrontation Clause violation. We affirm in part, reverse in part, and remand for further proceedings.

■ We affirm the district court with regard to Garnett's Confrontation Clause claim raised on cross-appeal. Garnett argues that the state court's application of *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), to this claim alone warrants habeas relief and that, under *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), Ms. Garnett's statements should not have

been admitted, because the statements did not bear "particularized guarantees of trustworthiness." While the Supreme Court has held that *Crawford* has no retroactive application to cases on federal habeas review, *see Whorton v. Bockting,* 549 U.S. 406, 421, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007), the Court has also recognized that state courts are not governed by principles of retroactivity established for federal habeas review in cases such as *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), and *Danforth v. Minnesota,* 552 U.S. 264, 128 S.Ct. 1029, 1040–41, 169 L.Ed.2d 859 (2008). Under *Danforth,* a state court's retroactive application of *Crawford* on collateral review is not error. *Delgadillo v. Woodford,* 527 F.3d 919, 926 (9th Cir.2008). Further, although the parties assert that the state court should have applied *Ohio v. Roberts* to Garnett's case, "we must defer to the state habeas court's determination that the clearly established federal law at issue here is *Crawford,* rather than *Ohio v. Roberts.*" *Id.*

Here, the state court's determination that Garnett's right to confront his accuser was not violated was not contrary to or an unreasonable application of *Crawford.* *Crawford* held that the protections of the Confrontation Clause do not apply to statements that are not "testimonial." *Crawford,* 541 U.S. at 68, 124 S.Ct. 1354; *see Whorton,* 549 U.S. at 420, 127 S.Ct. 1173. The state court reasonably concluded that Ms. Garnett's statements to her friend were similar to types of statements that *Crawford* indicated were nontestimonial, such as "casual remark[s] to an acquaintance," *see Crawford,* 541 U.S. at 51, 124 S.Ct. 1354, *Delgadillo,* 527 F.3d at

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

926–27, and "statements made unwittingly to an FBI informant," 541 U.S. at 58, 124 S.Ct. 1354. We therefore hold that habeas relief is not warranted under the Confrontation Clause.

■ We reverse the district court's grant of relief with regard to the alleged prosecutorial misconduct. Neither *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), nor *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), squarely address the issue raised in this case and, therefore, do not govern under the standard of review prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Moses v. Payne,* 555 F.3d 742, 754 (9th Cir.2009) (citing *Wright v. Van Patten,* 552 U.S. 120, 128 S.Ct. 743, 746–47, 169 L.Ed.2d 583 (2008); *Carey v. Musladin,* 549 U.S. 70, 76–77, 127 S.Ct. 649, 166 L.Ed.2d 482 (2006)). The applicable clearly established Supreme Court precedent dictates that we review the prosecutor's conduct to determine whether the prosecutor's actions "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)) (quotation marks omitted). The state court sustained the defense objection and instructed the jury to disregard the prosecutor's question and answer. Viewing the instruction in context, it sufficiently instructed the jury as to which question and answer was to be disregarded, and nothing in the record indicates that the jury failed to follow the court's instruction. *See Richardson v. Marsh,* 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987) (noting that jurors are presumed to follow cautionary instructions). Viewing the prosecutor's question "in the context of the entire trial," *Donnelly,* 416 U.S. at 639, 94 S.Ct. 1868, the state court's conclusion that the curative instruction remedied any error is not contrary to or an unreasonable application of the relevant clearly established Supreme Court precedent. Further, there was sufficient independent evidence from which a jury could have found Garnett guilty beyond a reasonable doubt. Thus, the prosecutor's question did not have a "substantial and injurious effect or influence in determining the jury's verdict." *See Fry v. Pliler,* 551 U.S. 112, 127 S.Ct. 2321, 2325, 168 L.Ed.2d 16 (2007); *Shaw v. Terhune,* 380 F.3d 473, 478 (9th Cir.2004) (quoting *Brecht v. Abrahamson,* 507 U.S. 619, 631, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)).

■ With regard to the challenged jury instruction, the state court decision was not contrary to and did not involve an unreasonable application of clearly established Supreme Court precedent. Under the relevant precedent, to overturn a state court conviction on the basis of an erroneous jury instruction, the petitioner must establish "not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." *Cupp v. Naughten,* 414 U.S. 141, 146, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). A jury instruction violates the Due Process Clause of the Fourteenth Amendment if it relieves the state of its burden to prove every element of the charged offense beyond a reasonable doubt. *Carella v. California,* 491 U.S. 263, 265, 109 S.Ct. 2419, 105 L.Ed.2d 218 (1989).

The challenged instruction did not relieve the state of this burden. Instruction Eight does not charge *aggravated* first degree murder and first degree felony murder as alternative offenses. Rather, Instruction Eight presented two alternatives

to finding first degree murder—premeditated first degree murder and first degree felony murder—which is permitted under Washington state law, *State v. Fortune,* 128 Wash.2d 464, 909 P.2d 930, 933 (1996) (en banc), and does not violate due process, *see Schad v. Arizona,* 501 U.S. 624, 632–33, 636–37, 640, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991).

Because the jury found Garnett guilty of first degree murder beyond a reasonable doubt (under one or both of the alternative theories presented in Instruction Eight), Special Verdict Form A required the jury to determine whether it unanimously found beyond a reasonable doubt that Garnett committed premeditated first degree murder, a lesser-included offense and essential element of aggravated first degree murder, *see State v. Irizarry,* 111 Wash.2d 591, 763 P.2d 432, 434 (1988) (en banc) (aggravated murder in the first degree is the crime of premeditated murder in the first degree plus a statutory aggravating circumstance). A plain reading of Special Verdict Form A leaves no doubt that the jury had to be unanimous in its finding of premeditated murder in order to answer in the affirmative, which they did. Because juries are presumed to follow the court's instructions, *Richardson,* 481 U.S. at 211, 107 S.Ct. 1702, the state court was reasonable in concluding that the jury unanimously found that Garnett acted with premeditation.

Having answered Special Verdict Form A in the affirmative, Special Verdict Form B required the jury to indicate whether it unanimously found beyond a reasonable doubt that Garnett's offense involved aggravating factors supporting a conviction of aggravated first degree murder. Affirmatively answering each of these questions, the jury clearly found beyond a reasonable doubt every element of the crime of premeditated murder in the first degree

plus a statutory aggravating circumstance. Read as a whole, the instructions were not erroneous and, in any event, did not so infect the verdict as to violate due process. *See Middleton v. McNeil,* 541 U.S. 433, 437, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004).

Accordingly, we reverse the district court's grant of relief with regard to the due process claims of prosecutorial misconduct and improper jury instructions. The state court decision was not contrary to nor an unreasonable application of clearly established Supreme Court precedent. We affirm the district court's denial of relief on the Sixth Amendment Confrontation Clause claim. We remand to the district court for further proceedings regarding the alleged *Brady* violation for which the district court determined an evidentiary hearing is warranted.

Each party to bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

