[No. 11458–5–II.   Division Two.   September 14, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. MICHAEL LEE COOK, *Appellant.*

*Perry E. Buck* and *Mozena & Armstrong,* for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney,* and *Philip A. Meyers, Deputy,* for respondent.

REED, C.J.—Michael Lee Cook appeals an exceptional sentence following his guilty pleas in Clark County Superior Court on charges of second degree malicious mischief and custodial assault. Although defendant received standard range sentences for each offense, the sentences were imposed consecutively and so resulted in an exceptional sentence. RCW 9.94A.400(1)(a). This appeal was argued pursuant to a motion for accelerated review, RAP 18.15. The Commissioner referred the case to a panel of judges for decision because of its precedential value. We affirm.

Defendant was initially charged with one count of second degree burglary. The charges were later amended to include

second degree possession of stolen property, and second degree malicious mischief. While in detention and being fingerprinted to determine his identity, defendant assaulted a custodial staff person. As a result, he was also charged with custodial assault. Throughout the period prior to his sentencing, defendant maintained that he was John Allen Anderson.

After negotiations, defendant pleaded guilty to second degree malicious mischief and custodial assault. The court imposed consecutive sentences, providing seven reasons to support this exceptional sentence:

(1) Defendant lied to the recognizance officer re: identity;

(2) Defendant lied to Judge Lodge on July 27, 1985 re: identity;

(3) Defendant lied to Judge Johnson on June 15, 1987 re: identity;

(4) Defendant lied about his criminal history at the plea negotiations;

(5) Defendant was on escape status from Oregon where he was convicted of another second degree burglary;

(6) The custodial assault occurred while defendant was awaiting trial for malicious mischief evidencing defendant's "absolute disregard for law and order;" and

(7) Defendant has six juvenile convictions.

The undisputed facts establish that defendant used an alias from the time of his arrest, during the plea negotiations, and through his August 6, 1987, sentencing. Moreover, defendant lied about his name to Judges Johnson and Lodge, the recognizance officer, and to his community corrections officer. He also lied about his criminal record when he was charged and during plea negotiations. Only at sentencing did he reveal his true identity as Michael Lee Cook, age 24. Defendant did not dispute an adult criminal history as follows:

| 1981 | Second degree burglary | Cowlitz Cy. |
| 1982 | Second degree burglary | Clark Cy. |
| 1982 | Second degree burglary | Coos Bay Cy. Or |

Defendant was on escape status from Oregon at the time of the current offenses.

Defendant admits that he had six felony level juvenile convictions, one at age 13, four at age 15, and one at age 17. All were crimes against property. On two occasions, defendant was institutionalized as a juvenile.

Defendant concedes that the record provides a factual basis for the court's findings, *State v. Nordby*, 106 Wn.2d 514, 517–18, 723 P.2d 1117 (1986), but asserts that the seven reasons upon which the court relied are not "substantial and compelling" so as to justify the exceptional sentence. *Nordby*, at 518.

He argues that: (1) reasons 1 through 4 violate the "real facts" doctrine, RCW 9.94A.370; (2) his escape status was not an aggravating factor under RCW 9.94A.390(2), and he was never convicted of escape nor extradited for the escape charge; (3) the assault while awaiting trial is an element of the offense of custodial assault; and (4) the court erred in considering his juvenile convictions because defendant is over the age of 23. Former RCW 9.94A.360(3).

The State contends that all seven factors are "substantial and compelling." The State asserts that all factors, taken together, provide a "history of similar acts or other corroborating evidence" upon which the court may enhance a sentence based on *future dangerousness. State v. Woody*, 48 Wn. App. 772, 779, 742 P.2d 133 (1987). Further, the State contends defendant's juvenile record is proper for consideration to advance the underlying purposes of the Sentencing Reform Act of 1981 (proportionality and protection of the public). RCW 9.94A.010; *State v. McAlpin*, 108 Wn.2d 458, 464, 740 P.2d 824 (1987).

Reasons 1 through 4. Defendant argues that these reasons contain elements of other crimes and, therefore, cannot be considered. RCW 9.94A.370(2). We disagree.

RCW 9.94A.370(2) provides, in pertinent part:

Facts that establish the elements of a more serious crime or additional crimes may not be used to go outside the presumptive sentence range except upon stipulation or when specifically provided for in RCW 9.94A.390(2)(c), (d), and (e).

Arguably, defendant could be charged with various misdemeanors on the basis of the lies he told to conceal his identity. However, this does not mean that the trial court is absolutely precluded from considering defendant's lies as an aggravating factor.

There are exceptions to the real facts doctrine. Three exceptions are built into the statute itself. The drafters of the sentencing reform act realized that not all factual patterns could be anticipated and there is a general recognition that a common law of sentencing will develop. *See State v. Nordby,* 106 Wn.2d 514, 516, 723 P.2d 1117 (1986); D. Boerner, *Sentencing in Washington* § 9.4, at 9–10 (1985).

Acknowledging this, the courts have carved out additional exceptions, thus permitting acts which could constitute other crimes to be considered as aggravating factors. *State v. Dunaway,* 109 Wn.2d 207, 219, 743 P.2d 1237 (1987) (deliberate cruelty exhibited by defendant for two separate acts of shooting the victim of an attempted murder); *State v. Armstrong,* 106 Wn.2d 547, 550, 723 P.2d 1111 (1986) (multiple incidents of assault treated the same as multiple incidents in a major economic offense, RCW 9.94A.390(2)(c)); *State v. Nordby,* 106 Wn.2d 514, 723 P.2d 1117 (1986) (a more culpable mental state); *State v. Altum,* 47 Wn. App. 495, 735 P.2d 1356 (conduct by defendant and codefendant consisting of repeated acts of criminal assault and sexual assault combined with conduct more heinous than the ordinary crime defined by statute), *review denied,* 108 Wn.2d 1024 (1987).

■ In all of these cases, facts that constituted elements of more serious or additional crimes were considered as aggravating factors to increase a sentence beyond the SRA presumptive range. None of the factors was exempted by RCW 9.94A.370(2). We believe that an exception for acts, like defendant's, that are designed to subvert or defraud the criminal justice process generally and the proportionality goals of the SRA, specifically, is consistent with the intent of the act.

A defendant's lack of truthfulness under oath and callous disregard of the criminal justice process, as evidenced by his attempt to manipulate it, is probative of his attitude toward society and likelihood of future transgressions. *See United States v. Grayson,* 438 U.S. 41, 57 L. Ed. 2d 582, 98 S. Ct. 2610 (1978); *In re Luft,* 21 Wn. App. 841, 853, 589 P.2d 314 (1979).

The purpose of RCW 9.94A.370(2) is threefold. The doctrine is: (1) designed to eliminate illusory plea bargains, (2) provide public accountability for prosecutorial charging decisions, and (3) create an accurate criminal history. *State v. Harp,* 43 Wn. App. 340, 342–43, 717 P.2d 282 (1986); *State v. Swanson,* 45 Wn. App. 712, 715, 726 P.2d 1039 (1986); D. Boerner § 9.7.

In the instant case, the underlying principles of RCW 9.94A.370(2) are not offended by consideration of defendant's lies. Defendant's conduct took place after the crimes for which he was charged and thus, the prosecutor's charging decisions are accountable to the public. The negotiated plea was not illusory and defendant's criminal history would be unaltered since his alleged crimes were misdemeanors and would not be counted in a future offender score. RCW 9.94A.030(8)(b).

Additionally, an exception is important to further the goal of making frugal use of the State's resources. RCW 9.94A.010(6). To require the State to charge and prosecute every attempt to frustrate the criminal justice system which may, speculatively, amount to a crime would require an inordinate expenditure of time, manpower, and delay.

■ <u>Reason 5</u>. Defendant's reliance on the fact that this reason is not listed in RCW 9.94A.390(2) is misplaced. The aggravating factors set forth in RCW 9.94A.390 are illustrative, not exclusive. Defendant also argues that Oregon neither charged him with escape nor extradited him for escape. The response of the State of Oregon to the criminal conduct of its inmates, probationers, or parolees is not determinative of our courts' implementation of our Legislature's intent. The trial court viewed defendant's escape status from a sentence imposed for the commission of a similar offense, second degree burglary, as corroborating indicia of his future dangerousness. The court properly considered this as a substantial and compelling reason for an exceptional sentence. *State v. Woody,* 48 Wn. App. at 779.

<u>Reason 6</u>. Defendant alleges that the court could not consider as an aggravating factor the fact that his custodial assault occurred "while defendant was awaiting trial." He urges that the time factor inheres in the definition of custodial assault; and that the Legislature, therefore, considered it when it calculated the standard range.

The Legislature defined custodial assault as:

(1) A person is guilty of custodial assault if that person is not guilty of an assault in the first or second degree and where the person:

. . .

(b) Assaults a full or part–time staff member . . . at any adult corrections institution or local adult detention facilities who was performing official duties at the time of the assault.

Former RCW 9A.36.100(1)(b). The provision became effective on July 1, 1987. Defendant argues that he wouldn't have been confined to a correctional institution or detention facility if he had *not* been awaiting trial. He urges that the Legislature, therefore, anticipated the commission of crimes by defendants who were awaiting trial and that the Legislature factored this into its calculation of the standard

range. Defendant's argument fails. RCW 9A.36.100(1)(b) does not require *custody* as an element of the offense.

The sentencing court was drawing a finer distinction; distinguishing between the convicted defendant who is in detention, but knows the scope of punishment or consequences of his action, and the defendant awaiting trial who does not yet know his fate and, therefore, should appreciate that any infraction could result in a far more serious punishment. This evidence of contempt for the criminal justice process is corroborating evidence that indicates dangerousness. *State v. Woody,* 48 Wn. App. at 779.

Further, defendant clearly was attempting to frustrate the proportionality aims of the SRA by concealing his criminal history.

Reason 7. Defendant argues that the court erred by considering his six juvenile convictions as an aggravating factor. Defendant asserts that his juvenile record cannot be arithmetically counted against him because he is over 23 years of age. Former RCW 9.94A.360(3) (none of defendant's juvenile convictions was a class A felony equivalent). He further asserts that because his juvenile convictions have "washed out" the court should not be able to use them as a justification for an aggravated sentence.

Defendant is correct that his juvenile convictions cannot be used to enhance his offender score. They were not so used. However, defendant's position that his juvenile convictions can no longer be considered for any purpose because he had attained the age of 23 is incorrect. That position would frustrate the overriding purpose of the SRA—proportionality. *State v. McAlpin,* 108 Wn.2d 458, 464, 740 P.2d 824 (1987).

Defendant concedes that criminal history which has not been calculated into the offender score can be used as an aggravating factor. *State v. McAlpin, supra* (juvenile felonies prior to age 15); *State v. Ratliff,* 46 Wn. App. 325, 332, 731 P.2d 1114 (1986) (history of misdemeanors). The rationale underlying this practice is contained in the principles of proportionality. As the *McAlpin* court stated:

One of the overriding purposes of the sentencing reform act is to ensure that sentences are proportionate to the seriousness of the crime committed and the defendant's criminal history. RCW 9.94A.010(1). This purpose would be frustrated if a court were required to blind itself to a significant portion of a defendant's juvenile criminal record. We find no justification for the defendant's argument. Such an interpretation of the sentencing reform act would operate to erase from the record the true circumstances of an offender's past, thus precluding the trial court from evaluating what might be one of the most significant aspects of an offender's personality. The sentencing reform act does not indicate that the Legislature intended to establish that all criminal convictions prior to age 15 would be purged from the ken of the sentencing judge. The trial court here did not err in concluding that a defendant who has amassed an extensive and recent record of pre–age–15 felonies is significantly different from a defendant who has no record at all. Society is entitled to view the long–term repeater of crimes from an early age as a greater threat and as requiring longer institutional supervision than one whose criminal proclivities are not as deeply ingrained.

*State v. McAlpin,* 108 Wn.2d at 464.

The rationale of *McAlpin* is equally applicable in this case. The sentencing court cannot be blinded to a significant portion of the defendant's criminal record if it is to sentence an offender in accord with the purposes of the SRA. RCW 9.94A.010. Consideration of this defendant's juvenile record is appropriate.

Finally, defendant's 20–month consecutive sentence is not so disproportionate to the 12 months he would have received had the sentence been concurrent, as to constitute an abuse of discretion. *See State v. Oxborrow,* 106 Wn.2d 525, 530–31, 723 P.2d 1123 (1986).

The judgment and sentence are affirmed.

WORSWICK and ALEXANDER, JJ., concur.