[No. 11150-4-III.   Division Three.   February 6, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. RODNEY HOUF, *Appellant.*

*Linda L. Edmiston,* for appellant.

*Dennis DeFelice, Prosecuting Attorney,* and *Keven P. Donnelly,* and *Craig J. Davenport, Deputies,* for respondent.

MITCHELL, J.* — Rodney Houf was sentenced to 36 months for delivery of a controlled substance, cocaine. In imposing the sentence, the court stated Mr. Houf was receiving 24 months for the delivery of the cocaine and an additional 12 months for lying on the stand. Mr. Houf appeals his sentence. We reverse.

Mr. Houf was charged with one count of unlawful delivery of cocaine in Franklin County. RCW 69.50.401(a)(1)(i). At trial, the State presented the testimony of a police officer and informant who purchased a packet of cocaine from Mr. Houf at approximately 8:25 to 8:45 p.m. on June 30, 1990. Three police officers corroborated this testimony.

Mr. Houf presented an alibi defense. He stated that on the night of June 30 he was with friends drinking beer at Kurtzman Park. He was at the park all evening, including the hours of 8 and 9 p.m. Although the time he left is unclear, Mr. Houf stated he left the park to make a telephone call. He noticed a friend across the street. Mr. Houf crossed the street and was stopped by police officers. He testified he was not involved in a cocaine sale and was stopped by police only because of a previous incident when he had taken $20 from a police officer. Three alibi witnesses testified on Mr. Houf's behalf. They all stated Mr. Houf was at the park the evening the drug sale took place. Tammy Avery testified she could hear Mr. Houf talking at the park the whole evening except for the 5 minutes he left to go buy beer. George Havens, Jr., testified Mr. Houf was at the park

---

*Judge James B. Mitchell is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

at 8:30 p.m. Carolina Turner testified Mr. Houf was at the park from 8 o'clock to 9 o'clock that evening.

The jury found Mr. Houf guilty and the court sentenced him within the standard range to 24 months,[1] but added 12 months for lying:

> [W]hat you did was to try to pervert the whole system by lying.
> . . . [Y]ou [do not] have a license to stand up here and tell wholesale lies.
> . . . .
> . . . [I]t's bad enough to lie, commit perjury, even though it's in your own self-defense. In fact, that's what makes it bad. But it's even more serious to get everybody else to lie for you, too, all your friends.

The issue is whether the trial judge's decision Mr. Houf lied during trial will support the imposition of an exceptional sentence. Relying on *In re Luft*, 21 Wn. App. 841, 589 P.2d 314 (1979), *State v. Cook*, 52 Wn. App. 416, 760 P.2d 964 (1988) and *United States v. Grayson*, 438 U.S. 41, 57 L. Ed. 2d 582, 98 S. Ct. 2610 (1978), the State contends lying under oath justifies imposing an exceptional sentence. We disagree.

■ An exceptional sentence is subject to appellate review under RCW 9.94A.210(4):

> To reverse a sentence which is outside the sentence range, the reviewing court must find: (a) Either that the reasons supplied by the sentencing judge are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient.

The trial court's reasons for imposing an exceptional sentence must be supported by the record and will be upheld unless they are clearly erroneous. The appellate court independently determines, as a matter of law, whether the reasons given justify the imposition of an exceptional sentence.[2] *State v.*

---

[1]The standard range sentence for a person with a 0 offender score is 21 to 27 months. RCW 9.94A.310; RCW 9.94A.320.

[2]Mr. Houf does not assign error to the exceptional sentence on the basis it was clearly excessive.

*Estrella*, 115 Wn.2d 350, 355, 357, 798 P.2d 289 (1990); *State v. Pascal*, 108 Wn.2d 125, 135, 736 P.2d 1065 (1987).

Here, the court's reason for imposing the additional 12-month sentence on Mr. Houf for lying is not justified. The cases relied on by the State are not controlling.

■ In *In re Luft, supra*, this court stated that a judge may consider a defendant's whole personality as manifested by his conduct at trial and his testimony. *Luft*, at 853 (relying on *United States v. Grayson, supra*). However, the defendants in *Luft* were sentenced outside the standard range based on a finding of "manifest injustice" under the Juvenile Justice Act of 1977, RCW 13.40.160. That act has rehabilitation as its objective; the Sentencing Reform Act of 1981 (SRA), RCW 9.94A, does not. Moreover, in *Luft* there were sufficient other findings and criminal history, in addition to the defendants' lying, to support the imposition of a sentence outside the standard range. In the instant case, Mr. Houf had no prior criminal record and received the additional sentence only for lying.

The State's reliance on *United States v. Grayson, supra*, decided before enactment of the federal sentencing guidelines, is also misplaced. There, the court acknowledged that punishment for perjury in order to save the government time and expense of a prosecution would be impermissible. However, the court refused to prohibit the "otherwise permissible practice of considering a defendant's untruthfulness for the purpose of illuminating his need for rehabilitation . . .". (Italics omitted.) *Grayson*, 438 U.S. at 53-54. The critical factor in *Grayson* was the underlying policy of penal rehabilitation and the exercise of discretion by the Court. Rehabilitation is not a stated objective of the SRA and *Grayson* is therefore distinguishable.

Nor is *State v. Cook, supra*, controlling. In *Cook*, the court provided seven reasons to support the exceptional sentence which, taken together, were substantial and compelling to support the sentence imposed. Here, Mr. Houf's sentence outside the standard range was based on a single act of lying at trial.

Recently, the United States Court of Appeals for the Fourth Circuit (*United States v. Dunnigan*, 944 F.2d 178 (4th Cir. 1991)) addressed the federal sentencing guideline provision, United States Sentencing Guidelines Comm'n, *Guidelines Manual* § 3C1.1 (Nov. 1990), that increases a defendant's offense level if he is found to obstruct justice. The court stated that although it did not condone or wish to encourage perjury,

> we fear that this enhancement will become the commonplace punishment for a convicted defendant who has had the audacity to deny the charges against him. . . . Nearly all testifying defendants tell a story that, if believed in full, would result in acquittal. The jury's verdict implies a disbelief of some material aspect of the defendant's testimony.

*Dunnigan*, at 183.

■ This is essentially the result here. The trial judge believed Mr. Houf was lying and thereupon charged, tried, convicted and sentenced him for the crime of perjury, a separate criminal offense punishable by imprisonment, RCW 9A.72. Although this court neither condones perjury nor wishes to encourage distortion of the truth to subvert justice, to impose an exceptional sentence based on the trial court's belief a defendant has lied has a chilling effect on the ability of defendants to present a defense or take the stand and testify. In the extreme, it could be concluded in every case in which a jury finds a defendant guilty, despite protestations of innocence, that the defendant lied since the jury did not believe him. This could be interpreted as always justifying an exceptional sentence.

Accordingly, the imposition of the 12-month additional sentence is reversed. This case is remanded to the trial court for resentencing within the standard range.

SHIELDS, C.J., and THOMPSON, J., concur.

*Review granted at* 119 Wn.2d 1007 (1992).