[No. 10896-1-III.   Division Three.   June 9, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. ALFONSO MARTINEZ, *Appellant.*

*Leland G. Fellows,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Douglas S. Haynes, Deputy,* for respondent.

SHIELDS, C.J. — A jury found Alfonso Martinez guilty of first degree assault. The standard range for the offense is 77 to 102 months; however, the court imposed an exceptional sentence of 126 months because Mr. Martinez lied about his true identity and his criminal history to the police and in court. Mr. Martinez appeals the exceptional sentence. We reverse and remand for resentencing.

On February 9, 1990, Yakima Police Sergeant Jeffrey Schneider observed Mr. Martinez walking near a tavern in Yakima, carrying a large knife. After a short chase, the officer apprehended Mr. Martinez, handcuffed and searched him, and retrieved a knife from his pants pocket. The knife had blood and flesh on the blade. Within minutes, his victim was found bleeding from several stab wounds in the rest room of a nearby restaurant.

The defendant told arresting officers his name was Alfonso Martinez. He also gave that name under oath at a pretrial hearing. At trial, he again stated his name and testified he had never been arrested before. At the sentencing hearing, however, the prosecutor revealed the defendant's true name is Roberto Cervantes Beltran and he had been convicted of second degree assault 9 months earlier after he attacked a Yakima policeman with a knife. The State requested an exceptional sentence. The court concluded *State v. Cook,* 52 Wn. App. 416, 760 P.2d 964 (1988) authorized it to use the defendant's lies as aggravating factors justifying an exceptional sentence and added 2 years to the maximum standard sentence.

■ Under RCW 9.94A.210(4), the appropriate inquiries for review of an exceptional sentence are:

(1) Are the reasons supported by evidence in the record? The standard of review is "clearly erroneous". (2) Do the reasons justify a departure from the standard range? The standard of review is "matter of law". (3) Is the sentence clearly excessive? The standard of review is "abuse of discretion".

(Citations omitted.) *State v. Dunaway*, 109 Wn.2d 207, 218, 743 P.2d 1237, 749 P.2d 160 (1987).

The court's reasons for imposing the exceptional sentence are contained in its conclusions of law:

I.
The defendant was purposefully deceptive to the court by lying about his true identity.
II.
The defendant's lack of truthfulness under oath and callous disregard of the criminal justice process, as evidenced by his attempt to manipulate it, is probative of his attitude toward society and likelihood of future transgressions.
III.
The aggravating sentencing factors set forth in RCW 9.94A-.390 are illustrative, not exclusive and the defendant's conduct is a substantial and compelling reason for an exceptional sentence.

The reasons are supported by the record: the defendant admitted at sentencing he lied about his identity and criminal record. At issue is whether those lies, as a matter of law, justify an exceptional sentence.

■ The trial court determined they do, quoting *Cook*, at 421:

A defendant's lack of truthfulness under oath and callous disregard of the criminal justice process, as evidenced by his attempt to manipulate it, is probative of his attitude toward society and likelihood of future transgressions.

However, future dangerousness can no longer be used to justify an exceptional sentence in nonsexual offense cases, such as this one. *State v. Barnes*, 117 Wn.2d 701, 703, 818 P.2d 1088 (1991). That decision leaves the viability of the *Cook* exception to the real facts doctrine of RCW 9.94A-

.370(2)[1] in serious doubt. Absent the court's rationale, equating the defendant's lies to corroborating evidence of future dangerousness, the exception rests on the lies themselves.

■ The purpose of confinement is punishment for *the offense of which the defendant is found guilty*, based on criminal history. Although it is not disputed Mr. Martinez/Beltran lied under oath, that is not the offense for which he was being sentenced. Lying under oath is a separate offense, which the State could charge if it wished to do so. Under the real facts doctrine of RCW 9.94A.370(2), Mr. Martinez' lies cannot be used as justification for departing from the presumptive sentence range, except in limited circumstances not applicable here.[2]

We reverse and remand for resentencing within the standard range.

MUNSON and SWEENEY, JJ., concur.

---

[1]RCW 9.94A.370(2) provides:

"In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing. . . . Facts that establish the elements of a more serious crime or additional crimes may not be used to go outside the presumptive sentence range except upon stipulation or when specifically provided for in RCW 9.94A.390(2)(c), (d), and (e)."

[2]See examples of other circumstances in *Cook*, at 420.