2016 AUG -8 AM 8: 59
COURT OF APPEALS DIV 1

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                              )
         Respondent, )
                              )
         v. )
                              )
MARCQUES E. CRAWFORD, )
                              )
         Appellant. )
                              )

No. 73131-9-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: August 8, 2016

APPELWICK, J. — Crawford was convicted of rape of a child in the third degree and delivery of methamphetamine. The court sentenced him to a standard range sentence of 18 months on the rape conviction and 61 months on the delivery conviction. He argues that the trial court erred by considering the allegations of promoting commercial sexual abuse of a minor in imposing these sentences. We affirm.

## FACTS

Marcques Crawford was charged with promoting commercial sexual abuse of a minor, rape of a child in the third degree, and violation of the Uniform Controlled Substances Act, chapter 69.50 RCW—delivery of methamphetamine (meth) to a minor. The charges stemmed from Crawford's relationship with a

female minor, 15 year old N.J. The State alleged that Crawford had a sexual relationship with N.J., supported her commercial sexual abuse and profited from it, and that he supplied her with methamphetamine.

The case proceeded to trial, and N.J. testified. N.J. explained that during the summer of 2013, she ran away from home. During that summer, she met Crawford on a website. N.J. began spending time with Crawford. They smoked methamphetamine together, which Crawford obtained for them. Shortly after they met, Crawford began talking to N.J. about working as a prostitute. And, they started having sexual intercourse.

N.J. testified that Crawford continued bringing up the subject of prostitution. Eventually, N.J. agreed, because she believed Crawford would keep asking her. Over several months, N.J. engaged in prostitution by walking the streets and using Internet ads, and she gave Crawford the money she received.

In December, N.J. became afraid that Crawford would hurt her. She called 911 to tell the police that Crawford was pimping juveniles and that he had a gun. The police arrived at Crawford's apartment, and he was arrested that day.

The jury convicted Crawford of the rape and delivery charges. However, the jury could not reach a verdict on the promoting charge. The State agreed to dismiss this charge.

The trial court proceeded to sentence Crawford. It imposed standard range sentences of 18 months for the rape conviction and 61 months for the delivery conviction. Crawford appeals.

DISCUSSION

Crawford argues that the trial court relied on the unproved allegations of promoting commercial sexual abuse of a minor to impose his sentences for rape and delivery. He asserts that by doing so, the court violated the real facts doctrine.

Generally, sentences within the standard sentence range are not appealable. RCW 9.94A.585(1); State v. Osman, 157 Wn.2d 474, 481, 139 P.3d 334 (2006). The trial court has discretion to sentence a defendant within the sentence range, and so long as the sentence falls within the standard sentence range, there can be no abuse of discretion as to the sentence's length. RCW 9.94A.530(1); State v. Williams, 149 Wn.2d 143, 146-47, 65 P.3d 1214 (2003). A defendant may appeal a standard range sentence only if the sentencing court failed to comply with the procedural requirements of the Sentencing Reform Act (SRA), chapter 9.94A RCW, or constitutional requirements. State v. Osman, 157 Wn.2d at 481-82. Cases permitting such a procedural challenge to a standard range sentence have typically involved errors in calculating the appropriate standard range. State v. Mail, 65 Wn. App. 295, 298, 828 P.2d 70 (1992), aff'd, 121 Wn.2d 707, 845 P.2d 1042 (1993).

Crawford argues that his standard range sentence is appealable, because the trial court committed a procedural error by considering facts relating to the unproved promoting charge. He relies on RCW 9.94A.530(2), which sets out the real facts doctrine. That provision of the SRA provides,

> In determining any sentence other than a sentence above the standard range, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or

3

proved in a trial or at the time of sentencing, or proven pursuant to RCW 9.94A.537. Acknowledgment includes not objecting to information stated in the presentence reports and not objecting to criminal history presented at the time of sentencing. Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point. The facts shall be deemed proved at the hearing by a preponderance of the evidence, except as otherwise specified in RCW 9.94A.537. On remand for resentencing following appeal or collateral attack, the parties shall have the opportunity to present and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented.

RCW 9.94A.530(2).

This doctrine limits sentencing decisions to the facts that were acknowledged, pleaded to, or proven. State v. Houf, 120 Wn.2d 327, 332, 841 P.2d 42 (1992). And, it ensures that sentencing courts do not base exceptional sentences on unproved or uncharged crimes. State v. Morreira, 107 Wn. App. 450, 458, 27 P.3d 639 (2001).

Crawford points to evidence in the record to show that the court relied on the facts relating to the promoting charge to sentence him. The State recommended a sentence toward the higher end of the range, given Crawford's overarching behavior and the fact that the hung jury voted nine in favor of conviction, three in favor of acquittal. Crawford objected, because these facts were related to the dismissed charge of promoting. The court did not explicitly rule on this objection. In announcing its decision, the court addressed Crawford:

> The crimes you're convicted of are really serious, though, and it's really important—I realize you disagree with a lot of the facts and it's your right to do that, but the actions that you took, even if I only considered the crimes that you were convicted of, really had a profound effect on [N.J's] life. And that's true even if she was already addicted to meth when she met you, that was true even if she was involved in various sexual activities before she met you. . . . And

4

there isn't really anything the court can do that's going to make all this right, but I think it's really important that you acknowledge, if only to yourself, that you played a significant role in harming this young woman.

The court continued by telling Crawford that he would have to make choices about what kind of relationship he would have with other people, including women, going forward. The court ultimately decided that neither a low end nor a high end sentence was appropriate considering the facts of the case.

From these statements, Crawford asserts that the trial court violated the real facts doctrine. He contends that by stating "even if I only considered the crimes that you were convicted of," the court acknowledged that it was considering the promoting charge as well as the rape and delivery convictions. He suggests that by mentioning N.J.'s sexual activities before she met Crawford, the court alluded to N.J.'s prior acts of prostitution. And, he asserts that the court's warning that Crawford will have to make choices about the relationships he will have with women meant that he will have to decide whether he can stop treating women as objects from which he can profit.

We disagree that these statements signaled consideration of the promoting charge. Rather, they indicated that the court would not consider the facts underlying that charge as the State had urged. The court imposed a sentence based on only the crimes for which Crawford was convicted. Crawford does not allege an error in calculating the range itself. And, the cases he relies upon to assert a violation of the real facts doctrine all involve exceptional sentences, rather than standard range sentences. See, e.g., Morreira, 107 Wn. App. at 454-55; State v. Tierney, 74 Wn. App. 346, 350, 872 P.2d 1145 (1994); State v. Houf, 120

Wn.2d 327, 328, 841 P.2d 42 (1992). We hold that Crawford's standard range sentence is not appealable.

In his reply brief, Crawford asserts that appellate costs should not be imposed. Crawford's argument relates to this court's recent decision in State v. Sinclair, 192 Wn. App. 380, 367 P.3d 612 (2016). In Sinclair, we noted that RAP 15.2(f) created a presumption of continued indigency throughout review. 192 Wn. App. at 393. Because there was no finding that Sinclair's financial condition had improved and no other evidence to rebut the presumption of indigency, we ruled that appellate costs were not appropriate. Id.

We follow Sinclair here. The trial court found that Crawford lacked sufficient funds to pursue an appeal and determined that he was entitled to appellate counsel at public expense. The State has not overcome the continuing presumption of indigency. Therefore, we conclude that appellate costs should not be awarded to the State.

We affirm.

WE CONCUR: