IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76805-1 |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| MICHAEL GRIFFIN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: September 10, 2018 |
| | ) | |

PER CURIAM — To preserve a claim that the court imposed a standard range sentence based on unproven facts, a defendant must object at the time of sentencing. Michael Griffin appeals his standard range sentence, arguing that the court relied on unproven facts and thus violated the real facts doctrine. Because Griffin failed to object at sentencing, the issue is barred. We affirm.

## FACTS

Griffin lived with his girlfriend, Grace Stevens, but in 2016 their relationship deteriorated. While Griffin was out of town for a few days, Stevens changed the locks to her apartment. Griffin returned and, on October 27, tried to enter the apartment. When Stevens would not let him in, Griffin kicked the door until it broke. Stevens called 911. Griffin admitted to the responding police officers that he became aggressive and broke the door.

Following this incident, Stevens obtained a no-contact order. On November 7, Griffin returned. He shoved his way into the apartment, pushed Stevens through a screen door, and slapped and punched her. When Stevens said she was going

to call the police, Griffin pushed her to the ground and then ran. Griffin later turned himself in to the police, telling them that he had choked Stevens, punched her in the stomach, and violated a no-contact order.

The State brought several charges against Griffin. Based on the October 27 incident, the State charged him with harassment, alleging that he threatened to harm Steven's person or property or threatened to restrain her against her will. As to the November 7 incident, the State charged Griffin with felony violation of a court order and assault in the second degree by strangulation.[1]

At trial, Stevens did not testify. The trial court admitted recordings of the 911 calls she made on October 27 and November 7. Griffin's theory on the harassment charge was that the State failed to prove the October 27 incident involved a threat. Relying on the 911 call from that day, Griffin argued that, at most, he committed trespass and property destruction, offenses the State did not charge. As to the November 7 incident, Griffin's theory was that the State did not prove assault by strangulation. He relied on the 911 call from that day, in which Stevens reported that Griffin hit her but did not report that he choked or strangled her. Griffin urged the jury to convict on only the lesser included offense of assault in the fourth degree.

The jury acquitted Griffin of harassment and assault in the second degree by strangulation. It found Griffin guilty of felony violation of a court order and assault in the fourth degree.

---

[1] The State also charged Griffin with interfering with domestic violence reporting. That charge was later dismissed.

No. 76805-1-I/3

At sentencing, the court dismissed the fourth degree assault conviction as subsumed by the felony violation of a court order. On the remaining conviction for felony violation of a court order, the court sentenced Griffin to 18 months, the middle of the standard range. The court stated that, in determining the sentence, it considered Griffin's positive attributes as well as the need for him to take responsibility for his conduct. In particular, the court referenced the terror that could be heard in Stevens's voice on the 911 call. The court stated, "[T]he crimes [sic] of domestic violence here was serious, it was on two separate days. And I think you have to own up to that past before we can talk about the future that you hopefully will have."

## ANALYSIS

Griffin appeals his sentence, arguing that the sentencing court improperly relied on unproven facts. Because the sentencing court has discretion to impose any sentence within the standard range, a standard range sentence is generally not appealable. State v. Williams, 149 Wn.2d 143, 146-47, 65 P.3d 1214 (2003); see also RCW 9.94A.585(1). A defendant may appeal a standard range sentence only if the sentencing court failed to comply with procedural requirements. State v. Mail, 121 Wn.2d 707, 712, 854 P.2d 1042 (1993).

Griffin contends his standard range sentence is appealable because the sentencing court violated the real facts doctrine and thus committed a procedural error. Under the real facts doctrine, the sentencing court may rely on only information that is "admitted, acknowledged, or proved in a trial or at the time of sentencing." RCW 9.94A.530(2). Griffin relies on the court's statement that "the

- 3 -

crimes [sic] of domestic violence here was serious, it was on two separate days." He asserts that, by referencing domestic violence that occurred on two days, the court took into consideration the harassment that the State alleged occurred on October 27, conduct that was not admitted, acknowledged, or proved.

But, to raise a real facts issue on appeal, Griffin must show that he raised a "timely and specific objection" to the sentencing court's consideration of the allegedly improper information. Mail, 121 Wn.2d at 712; see also State v. Handley, 115 Wn.2d 275, 283, 796 P.2d 1266 (1990). Because Griffin failed to object below, he may not raise the argument on appeal. To argue for a contrary result, Griffin relies on cases involving exceptional sentences, rather than standard range sentences. See State v. Houf, 120 Wn.2d 327, 332-33, 841 P.2d 42 (1992); State v. Morreira, 107 Wn. App. 450, 455-57, 27 P.3d 639 (2001); State v. Tierney, 74 Wn. App. 346, 350-51, 872 P.2d 1145 (1994). The cited cases do not control here, where the sentencing court did not impose an exceptional sentence. We hold that Griffin's standard range sentence is not appealable.

Affirmed.

FOR THE COURT: