IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37933-7-III |
| Respondent/Cross Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NICHOLAS A. BERRY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant/Cross Respondent. | ) | |

SIDDOWAY, C.J. — Nicholas Berry seeks resentencing following his convictions

for unlawful imprisonment and theft. He contends that the sentencing court improperly

denied him a first-time offender waiver on the basis that he was fortunate not to have

been convicted of a more serious charge of rape. We agree that resentencing is required

and remand for that purpose.

FACTS AND PROCEDURAL BACKGROUND

On the afternoon of May 30, 2020, K.R.,[1] who formerly dated Nicholas Berry and

shares an infant son with him, called police to report that Mr. Berry had driven her and

their son to a remote location and forced her to perform oral sex. The day had started out

as an amicable outing for the couple and their son to Hawk Creek Falls, in Lincoln

_____

[1] Initials are used to protect the privacy of K.R., an alleged victim of sexual
assault.

County, but at some point Mr. Berry became moody, and then angry. K.R. requested that they leave, and they did. But before long, Mr. Berry stopped, ordered K.R. out of his truck, and after breaking and throwing her cell phone over a barbed-wire fence, drove away, only to return and order her back into the truck. After driving a bit further, Mr. Berry left the main road and drove K.R. and their son to a remote location where he pulled down his pants. K.R. took it as a demand that she perform oral sex on him, to which she objected, at which point he said, "Well, we're not going anywhere, then." Report of Proceedings (RP) at 69. She unwillingly complied.

When Mr. Berry returned K.R. to her apartment in Spokane, she called police to report what had happened. An officer responded to her apartment and arranged for her to speak that evening with Deputy Dain Harden of the Lincoln County Sheriff's Department. The following day, K.R. met with Deputy Harden in Lincoln County. He took her to the location where she claimed her phone had been taken, and it was located approximately 30 yards from the roadway, cracked and broken.

Mr. Berry agreed to speak with Deputy Harden about 10 days later, and denied K.R.'s allegations. The State nevertheless charged Mr. Berry with third degree malicious mischief, unlawful imprisonment against an intimate partner, third degree rape, and theft in the first degree.

At a jury trial later that year, the jury found Mr. Berry guilty of everything but the rape charge.

2

Mr. Berry had no criminal history, and his standard sentencing range was 3 to 8 months. At sentencing, the State asked the court to impose 6 months of confinement, 12 months of community custody, a 5-year domestic violence no-contact order, and to impose restitution for the replacement cost of K.R.'s phone. Defense counsel asked the court to apply the first-time offender waiver, arguing that imprisonment would interfere with Mr. Berry's ability to complete an apprenticeship program and pay child support.[2]

After hearing the parties' positions, the court sua sponte announced that it believed the malicious mischief charge, which addressed Mr. Berry's damaging the phone, merged with the theft. It dismissed the malicious mischief charge. It stated it was nevertheless going to follow the State's sentencing recommendation. Mr. Berry assigns error to the following comments by the court explaining its sentencing decision (like much of the trial transcript, the record of what was said contains gaps and "inaudible" notations):

> Frankly, I think the jury didn't believe him on the—his statement—they believe—the mother. That's—otherwise, he didn't—they wouldn't have convicted him [of unlawful imprisonment and theft]. The issue with the rape third, I think the fact is that since they had—consensual relations in the past, I think that was probably as much as anything, why they didn't go [t]here. I can't tell you; I wasn't there in the jury room. But they don't have to—(inaudible) convicted, they just felt that—they believed her,

---

[2] "In sentencing a first-time offender the court may waive the imposition of a sentence within the standard sentencing range and impose a sentence which may include up to ninety days of confinement . . . and a requirement that the offender refrain from committing new offenses." RCW 9.94A.650(2).

and—I believed her. So, I don't believe the phone was white,[3] I don't believe they bought that story. . . .

So,—(inaudible)—So he—he's very, very fortunate that they didn't, 'cause the evidence was sufficient to find that if they wanted to, then he would have had to register. In fact—a tremendous advantage that he doesn't have to deal with at this time.

RP at 243-44. Defense counsel did not object. The court also observed that it had not heard from K.R. that she had a concern about Mr. Berry's ability to pay child support. In imposing the 6-month sentence followed by 12 months' community custody, the court said it would allow Mr. Berry to post an appeal bond and stay the sentence.

Mr. Berry appeals. His sentence was stayed pending the appeal.

ANALYSIS

Mr. Berry acknowledges that a defendant ordinarily cannot appeal a standard range sentence, but he argues that his appeal presents the exceptional case in which the sentencing court failed to comply with the procedural requirements of the Sentencing Reform Act of 1981[4] or constitutional requirements. *See* RCW 9.94A.585(1) (precluding appeal of standard range sentences); *State v. Osman*, 157 Wn.2d 474, 481-82, 139 P.3d 334 (2006) (recognizing statutory and constitutional exceptions).

One of the procedural requirements whose violation can provide the basis for appeal is the "real facts doctrine" codified at RCW 9.94A.530(2). Under this provision,

---

[3] At trial, Mr. Berry testified that K.R.'s phone had been white, so the broken black phone that she and Deputy Harden recovered in a field was not hers.

[4] Chapter 9.94A RCW.

"[i]n determining any sentence other than a sentence above the standard range, the trial court may rely on no more information than is . . . admitted, acknowledged, or proved in a trial or at the time of sentencing." RCW 9.94A.530(2). The doctrine thus prohibits the court's consideration of "'crimes that the prosecution either could not or chose not to prove.'" *State v. McAlpin*, 108 Wn.2d 458, 466, 740 P.2d 824 (1987) (emphasis omitted) (quoting DAVID BOERNER, SENTENCING IN WASHINGTON § 9.16, at 9-50 (1985)).[5]

The State concedes it was "arguably unwise for the court to express an opinion regarding the sufficiency of the evidence for the acquitted charge." Br. of Resp't at 13. But it argues that a sentence can be affirmed even where one of the reasons offered by the court for its sentence is an impermissible basis, as long as other, valid reasons offered by the court are sufficiently significant. *E.g.*, *State v. Harding*, 62 Wn. App. 245, 813 P.2d 1259 (1991) (exceptional sentence upheld where one of three aggravating factors was not invalidated); *State v. Roberts*, 55 Wn. App. 573, 587, 779 P.2d 732 (1989) (four reasons given by court for imposing exceptional sentence were supported by valid facts). The State argues that the record reveals a legitimate basis for the sentencing decision.

---

[5] Defense counsel did not object when the sentencing court announced its reasoning, and Mr. Berry recognizes that his assignment of error can be challenged as unpreserved. If the error was unpreserved, he asks us to review the issue under the rubric of ineffective assistance of counsel. The State does not defend the appeal on the basis that the error was unpreserved, however, choosing to respond on the merits.

We have discretion under RAP 2.5(a) to review unpreserved error. Where Mr. Berry can reasonably recast this as an issue of ineffective assistance of counsel, we choose to cut to the merits.

Whether the reviewing court should remand the case for resentencing when the trial court relies on improper information hinges on the weight the lower court accorded to that improper factor. *See State v. Fisher*, 108 Wn.2d 419, 430 n.7, 739 P.2d 683 (1987). Resentencing is required where the trial court placed "considerable weight" on the invalid factor, *State v. Henshaw*, 62 Wn. App. 135, 140, 813 P.2d 146 (1991), or where it is unclear whether the court would have imposed the same sentence absent consideration of the invalid factor. *State v. Gaines*, 122 Wn.2d 502, 512, 859 P.2d 36 (1993). The State argues that the court primarily rejected the first offender waiver request because defense counsel's reason *for* the sentencing waiver—Mr. Berry's ability to pay child support—was not a concern expressed by K.R.

We do not construe the sentencing court's comments as the State does. Having presided at the trial, the court might have felt it had good reasons for being surprised at Mr. Berry's acquittal of the rape count. But it would clearly violate the real facts doctrine for the court to allow its perception of guilt on the acquitted charge to affect its sentencing decision.

Primacy and language suggest that the court's view of the evidence on that charge was a material consideration. The court offered it as a reason before mentioning the child support consideration, and it spoke of it in strong terms: Mr. Berry had not just been "fortunate" according to the court; he had been "*very*, *very* fortunate," and it was a "*tremendous advantage*" that the verdict spared Mr. Berry the obligation to register as a

6

sex offender. RP at 243-44 (emphasis added.) It is not clear the court would have imposed the same sentence absent consideration of this invalid factor.

We remand for a resentencing at which the court may impose the same sentence or a different sentence, but without considering its perception of the weight of the evidence on the third degree rape charge.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Staab, J.

7